**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br>**Plaintiff,**<br>v.<br>WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART.COM USA LLC, and SAM'S WEST, INC. d/b/a SAM'S CLUB<br>**Defendants.** | Case No.<br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Team Worldwide Corporation ("TWW") brings this action under the patent laws of the United States, Title 35 of the United State Code, and makes the following allegations against Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart.com USA LLC, Sam's West, Inc. d/b/a Sam's Club (collectively, "Walmart" or "Defendants"):

**THE PARTIES**

1. Plaintiff TWW is a Taiwanese corporation having a principal place of business at 9F., No. 24, Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

2. Defendant Wal-Mart Stores, Inc. is a Delaware corporation headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart Stores, Inc. may be served with process via its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

3. Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability company and a subsidiary of Wal-Mart Stores, Inc., headquartered at 702 S.W. 8th Street, Bentonville, Arkansas

72716. Upon information and belief, Wal-Mart Stores Texas, LLC may be served with process via its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

4. Defendant Wal-Mart.com USA, LLC is a California corporation and a subsidiary of Wal-Mart Stores, Inc., headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart.com USA, LLC may be served with process via its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

5. Defendant Sam's West, Inc. d/b/a Sam's Club is an Arkansas corporation and division of Wal-Mart Stores, Inc., headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Sam's West, Inc. d/b/a Sam's Club may be served with process via its registered agent: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

6. Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart.com USA, LLC, and Sam's West, Inc. d/b/a Sam's Club are jointly and severally referred to in this Complaint as "Walmart."

7. Walmart is a retailer that sells and offers to sell consumer goods through physical stores, including Sam's Club stores, and/or the online retail websites, www.walmart.com and www.samsclub.com.

## JURISDICTION AND VENUE

8. This is an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Walmart because it, directly or through subsidiaries, divisions, groups, or distributors, has sufficient minimum contacts with this forum

as a result of business conducted within the State of Texas and this judicial district, including regularly conducting business from the Walmart store at 1701 E End Blvd N., Marshall, TX 75670 and the website www.walmart.com. Further, according to www.walmart.com, there are 501 (five hundred one) Walmart retail stores within the state of Texas, including at least 81 stores within this judicial district.[1] On information and belief, there are 16 Walmart distribution centers in Texas, including at least two in this judicial district in or near Palestine, TX.[2] According to www.samsclub.com, there are 83 Sam's Club retail stores within the state of Texas, including at least 12 stores within this judicial district. [3] Additionally, on information and belief, there are two Sam's Club distribution centers in Texas, including one in this judicial district in Dayton, TX.[4] Further, according to Google Maps, Walmart is headquartered less than 323 miles from the Marshall courthouse.[5] TWW's cause of action arises directly from Walmart's business contacts and other activities in the State of Texas and this judicial district, including at a minimum, selling or offering to sell infringing products and committing patent infringement in the State of Texas and this judicial district. Additionally, Walmart (directly and/or through a

---

[1] https://www.walmart.com/store/finder?location=texas – last visited March 24, 2017.

[2] See https://www.google.com/maps/search/walmart+distribution+center+texas/@30.945822,-100.565321,7z – last visited March 24, 2017.

[3] https://www.samsclub.com/sams/shoppingtools/clubSelection.jsp?&searchBy=State&stateC=TX&_requestid=2082298 – last visited March 24, 2017.

[4] See https://www.google.com/maps/place/Sam's+Club+Distribution+Center/@30.0982724,-94.9270033,15z/data=!4m5!3m4!1s0x0:0x675054eb5caa4ae5!8m2!3d30.0982724!4d-94.9270033 – last visited March 24, 2017.

[5] See https://www.google.com/maps/dir/702+Southwest+8th+Street,+Bentonville,+AR/100+E+Houston+St,+Marshall,+TX+75670/@34.4391722,-97.0946547,7z/am=t/data=!4m14!4m13!1m5!1m1!1s0x87c91aa12e920b57:0x334f436e979b1890!2m2!1d-94.2176291!2d36.3653785!1m5!1m1!1s0x8636f6709cd055e3:0x98ee3673d4c500b8!2m2!1d-94.3669816!2d32.5444196!5i1 – last visited March 24, 2017.

distribution network) regularly places infringing products into the stream of commerce with the knowledge and/or understanding that the infringing products will be sold in the State of Texas and in this judicial district.

11. Under the United States Government's country of origin marking rule, 19 CFR §134.11, all or substantially all of the Infringing Products (as defined below) are marked with China as the country of origin. On information and belief, all or substantially all of the Infringing Products are manufactured in multiple unknown locations by multiple unknown entities in China.

12. This Court has general jurisdiction over Walmart due to its continuous and systematic contacts with the State of Texas and this jurisdiction. Further, Walmart is subject to this Court's jurisdiction because it has committed patent infringement in the State of Texas and this jurisdiction.

13. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Walmart has transacted business in this judicial district and/or committed acts of patent infringement in this judicial district.

## BACKGROUND

14. Founded in 1977, TWW is an innovative designer and manufacturer of inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds." TWW's air bed products are sold under multiple brands in the United States including Air Cloud$_{TM}$, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ Bed$_{TM}$, Frontgate®, Grandin Road®, Improvements®, Insta Bed$_{TM}$, Ivation, Kelty®, Lazery Sleep$_{TM}$, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel® ("TWW Products").

15. TWW has been developing air bed technology for many years and, as a result of its ingenuity and inventions, is the owner of numerous patents related to air beds. Among such

patented inventions are air beds that have electric inflation/deflation devices or “pumps” that are built into the air beds so that the air beds do not require an external means, such as a separate compression pump or similar device, to inflate the air bed.

16. Specifically, TWW owns the following U.S. Patents asserted in this case: U.S. Pat. No. 7,246,394 (the “’394 Patent”), U.S. Pat. No. 7,346,950 (the “’950 Patent”), and U.S. Pat. No. 9,211,018 (the “’018 Patent”, collectively the “Asserted Patents”).

17. TWW manufactures and sells air bed products that practice the Asserted Patents throughout the United States and in this judicial district, including selling such products to Defendants for resale to consumers. In compliance with 35 U.S.C. § 287, TWW marks and requires the marking of its products covered by the Asserted Patents with the appropriate and corresponding patent numbers.

18. Walmart imports, has imported, sells, has sold, has offered for sale and/or offers for sale in the United States, airbed products that are not manufactured or licensed by TWW that infringe the Asserted Patents (“Infringing Products”).

19. The Asserted Patents are infringed by air beds that feature an internally housed pump. Examples of Infringing Products include, but are not limited to, Aerobed® brand air mattresses incorporating at least pump model numbers R120A and R3111, Coleman® brand air mattresses incorporating at least pump model number HB-511N1B, and Intex® brand air mattresses incorporating at least pump model number AP619A, among others.

20. Walmart imported, imports, sells, offers for sale, has sold and/or has offered for sale the Infringing Products within the United States, and specifically within this judicial district.

21. Walmart has voluntarily and purposely placed the Infringing Products into the stream of commerce with the expectation that they would be offered for sale and sold in Texas and in this judicial district.

**COUNT I**
(Infringement of the ’018 Patent)

22. TWW repeats and re-alleges the allegations contained in paragraphs 1-21 of this Complaint as if fully set forth herein.

23. The United States Patent and Trademark Office (“USPTO”) duly and lawfully issued the ‘018 Patent, entitled “Inflatable Airbed Provided with Electric Pump Having Pump Body Recessed into the Inflatable Airbed,” on December 15, 2015. A true and correct copy of the ’018 Patent is attached as Exhibit A.

24. Each and every claim of the ’018 Patent is valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

25. TWW is the assignee of all rights, title, and interest in and to the ’018 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

26. TWW has marked and/or required the marking of covered TWW Products with the ’018 Patent since on or about December 2015.

27. The claims of the ’018 Patent cover, *inter alia*, inflatable products, such as air beds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body,

leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.

28. Walmart has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1, 7, 11, 12, 13 and 14, of the ’018 Patent by importing, selling and/or offering to sell the Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

29. By way of example, Walmart sells and has sold Infringing Products under the Aerobed, Intex, and Coleman names that infringe at least claims 1, 7, 11, 12, 13, and 14 of the ’018 Patent because they are inflatable products, such as air beds, which comprise an inflatable body comprising an exterior wall and an electric pump that pumps the inflatable body, the electric pump comprising a pump body and an air outlet, wherein the pump body is built into the exterior wall and wholly or partially recessed into the inflatable body, leaving at least a portion of the pump body exposed by the exterior wall, and wherein the pump body is permanently held by the inflatable body.

30. As a result of Walmart’s infringement of the ’018 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Walmart the damages TWW sustained as a result of Walmart’s wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

31. TWW has suffered damage because of the infringing activities of Walmart, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Walmart’s infringing activities are preliminarily and permanently enjoined by this Court.

32. Walmart has had actual notice of the ’018 Patent since at least the filing of this Complaint or shortly thereafter, and knew of the ’018 Patent and knew of its infringement, including by way of this lawsuit.

33. Walmart was also in position to have actual notice of the ’018 Patent before the filing of this Complaint by way of any TWW products marked with the ’018 Patent that Walmart imported, imports, sells, offers to sell, sold, and/or offered to sell.

34. Walmart’s infringement of the ’018 Patent was, is, and continues to be deliberate and willful because Walmart was and is aware of the ’018 Patent yet continues to infringe the ’018 Patent; therefore, the infringement is willful and deliberate because Walmart has been aware of the ’018 Patent since at least the filing of this Complaint.

## COUNT II
(Infringement of the ’950 Patent)

35. TWW repeats and re-alleges the allegations contained in paragraphs 1-34 of this Complaint as if fully set forth herein.

36. The United States Patent and Trademark Office (“USPTO”) duly and lawfully issued the ’950 Patent, entitled “Inflatable Product Provided with Electric Air Pump,” on March 25, 2008. A true and correct copy of the ’950 Patent is attached as Exhibit B.

37. Each and every claim of the ’950 Patent is valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

38. TWW is the assignee of all rights, title, and interest in and to the ’950 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

39. TWW has marked and/or required the marking of covered TWW Products with the ’950 Patent since at least January 1, 2011.

40. The claims of the ’950 Patent cover, *inter alia*, inflatable products, such as air beds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor disposed in the interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.

41. Walmart has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1, 7, 11, 13, and 14, of the ’950 Patent by importing, selling and/or offering to sell Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

42. By way of example, Walmart is selling and has sold Infringing Products under the Aerobed, Intex, and Coleman names that infringe at least claims 1, 7, 11, 13, and 14 of the ’950 Patent because they are inflatable products, such as air beds, which include a first chamber comprising a chamber wall, a pack with an interior region, an air intake communicating the interior region to the outside of the first chamber and a first air outlet communicating the interior region to the inside of the first chamber, wherein the pack is built in the chamber wall and extends into an interior of the first chamber; a first valve for opening and closing the first air outlet, wherein the first valve is connected to the pack; and a fan and motor disposed in the

interior region of the pack, wherein, on activation of the fan and motor to inflate the first chamber, air is pumped from outside of the first chamber through the air intake into the interior region of the pack, then through the first valve and first air outlet into the first chamber.

43. As a result of the Walmart's infringement of the '950 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Walmart the damages TWW sustained as a result of Walmart's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

44. TWW has suffered damage because of the infringing activities of Walmart, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Walmart's infringing activities are preliminarily and permanently enjoined by this Court.

45. Walmart has had actual notice of the '950 Patent since at least the filing of this Complaint or shortly thereafter, and knew of the '950 Patent and knew of its infringement, including by way of this lawsuit.

46. Walmart was also in position to have actual notice of the '950 Patent before the filing of this Complaint by way of any TWW products marked with the '950 Patent that Walmart imported, imports, sells, offers to sell, sold, and/or offered to sell.

47. Walmart's infringement of the '950 Patent was, is, and continues to be deliberate and willful because Walmart was and is aware of the '950 Patent yet continues to infringe the '950 Patent; therefore, the infringement is willful and deliberate because Walmart has been aware of the '950 Patent since at least the filing of this Complaint.

**COUNT III**
(Infringement of the ’394 Patent)

48. TWW repeats and re-alleges the allegations contained in paragraphs 1-47 of this Complaint as if fully set forth herein.

49. The United States Patent and Trademark Office (“USPTO”) duly and lawfully issued the ’394 Patent, entitled “Inflatable Product with Built-In Housing and Switching Pipe,” on July 24, 2007. A true and correct copy of the ’394 Patent is attached as Exhibit C.

50. Each and every claim of the ’394 Patent is valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

51. TWW is the assignee of all rights, title, and interest in and to the ’394 Patent and possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

52. TWW has marked and/or required the marking of covered TWW Products with the ’394 Patent since at least January 1, 2011.

53. The claims of the ’394 Patent cover, *inter alia*, inflatable products, such as air beds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.

54. Walmart has been and is now directly infringing, literally and/or under the doctrine of equivalents, one or more claims, including at least claims 1-3 and 7-12, and 16 of the ’394 Patent

by importing, selling and/or offering to sell Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

55. By way of example, Walmart is selling Infringing Products under the Aerobed, Intex, and Coleman names that infringe at least claims 1-3, 7-12, and 16 of the ’394 Patent because they are inflatable products, such as air beds, which include an inflatable body, a fan and motor assembly for pumping air, a housing built into the inflatable body, the housing having an interior region; and an air conduit disposed at least in part in the housing, the air conduit being movable between a first position and a second position while remaining disposed at least in part in the housing, the fan and motor inflating the inflatable body when the air conduit is in the first position, and deflating the inflatable body when the air conduit is in the second position; wherein air flows between the interior region of the housing and the inflatable body during inflation and deflation.

56. As a result of Walmart’s infringement of the ’394 Patent, TWW has suffered and continues to suffer damages. Thus, TWW is entitled to recover from Walmart, the damages TWW sustained as a result of Walmart’s wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

57. TWW has suffered damage because of the infringing activities of Walmart, and TWW will continue to suffer irreparable harm for which there is no adequate remedy at law unless Walmart’s infringing activities are preliminarily and permanently enjoined by this Court.

58. Walmart has had actual notice of the ’394 Patent since at least the filing of this Complaint or shortly thereafter, and knew of the ’394 Patent and knew of its infringement, including by way of this lawsuit.

59. Walmart was also in position to have actual notice of the ’394 Patent before the filing of this Complaint by way of any TWW products marked with the ’394 Patent that Walmart imported, imports, sells, offers to sell, sold, and/or offered to sell.

60. Walmart’s infringement of the ’394 Patent was, is, and continues to be deliberate and willful because Walmart was and is aware of the ’394 Patent yet continues to infringe the ’394 Patent; therefore, the infringement is willful and deliberate because Walmart has been aware of the ’394 Patent since at least the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TWW respectfully requests that this Court enter:

A. A judgment in favor of TWW that the Defendants have and are infringing the Asserted Patents;

B. A permanent injunction enjoining the Defendants from infringing the Asserted Patents or such other equitable relief the Court determines is warranted in this case;

C. A judgment and order requiring the Defendants to pay to TWW its damages, costs, expenses, prejudgment and post-judgment interest, and attorney’s fees, if applicable, for the Defendants’ infringement of the Asserted Patents as provided under 35 U.S.C. § 284 and/or § 285, and an accounting of ongoing post-judgment infringement; and

D. Any and all other relief, at law or in equity that this Court deems just or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TWW hereby demands a trial by jury of all issues so triable.

Dated: March 29, 2017

Respectfully submitted,

By: /s/ S. Calvin Capshaw

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for Plaintiff
Team Worldwide Corporation