# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TEAM WORLDWIDE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART STORES TEXAS, LLC, WAL-MART.COM USA LLC, and SAM'S WEST, INC. d/b/a SAM'S CLUB,<br><br>Defendants. | Case No. 2:17-cv-00235-JRG |

## DEFENDANTS' MOTION TO STAY ALL DEADLINES PENDING RESOLUTION OF THE PETITION FOR WRIT OF MANDAMUS

## I. INTRODUCTION

Defendants Wal-Mart Stores Inc., Wal-Mart Stores Texas, LLC, Wal-Mart.com USA LLC, and Sam's West, Inc. ("Walmart") and Intex Recreation Corp. and Intex Trading Ltd. ("Intex"), The Coleman Company, Inc. ("Coleman"), and Bestway (USA), Inc. ("Bestway") ("Supplier Defendants"), (collectively "Defendants"), respectfully move the court for a stay of all proceedings pending the resolution of the Supplier Defendants' Petition for Writ of Mandamus to the Federal Circuit Court of Appeals. (D.I. 150.) A temporary stay is appropriate because: (1) it will ensure that the parties and the Court proceed in preparing for trial with clarity and guidance on the issues currently before the Federal Circuit, (2) it will prevent hardship and expense to Defendants, and (3) it will not prejudice Plaintiffs.

## II. BACKGROUND

On February 13, 2018, this Court denied the Supplier Defendants' motions to sever for misjoinder and to sever, transfer, and stay. (D.I. 141.) On March 6, 2018, the Supplier Defendants petitioned the Federal Circuit for a writ of mandamus directing this Court to sever and transfer Plaintiff's claims against the Supplier Defendants. ("Petition," attached hereto as Exhibit 1.) The Federal Circuit ordered briefing on March 6, 2018, which was fully completed on March 19, 2018. The parties are currently conducting discovery. While the current deadline for completion of fact discovery is May 14, 2018 (D.I. 129), few interrogatories have yet been exchanged, and not a single deposition has been taken by any party to date. The ESI order has only recently issued on March 19, 2018 (D.I. 156), and although the parties are working on reaching agreement on search terms and scope, email discovery has not yet been produced.

Supplier Defendants are currently attempting to evaluate how they may equitably and efficiently coordinate and synchronize fact discovery, expert discovery, and trial preparation, in

light of the strategic and logistical limitations arising from the unique circumstances of this case. Specifically, Defendants are faced with serious logistical issues resulting from the assertion of infringement claims against a laundry list of over two-hundred products[1] of unrelated suppliers and the Supplier Defendants' continued joinder in a single lawsuit—despite selling independent products and coming to the case from divergent factual circumstances. Even absent their interventions, Supplier Defendants believe that the posture of the case would require further motion practice to ensure Plaintiff's claims against independent product lines proceeded to trial in an equitable and manageable fashion.

### III.   LEGAL STANDARDS

Courts traditionally look to four factors when a losing party seeks a stay pending appellate review of the an order issued by the same court: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 427 (2009). Even where a court does not agree that the appeal is "likely to succeed on the merits," this factor is relaxed "where [the] movant . . . can nonetheless demonstrate a substantial case on the merits, provided the other factors militate in movant's favor." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511 (Fed. Cir. 1990). Similarly, the Fifth Circuit holds that "where there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits." *In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013).

---

[1] Plaintiff has listed two-hundred seventeen products in its infringement contentions.

**IV.     ARGUMENT**

First, with regard to the likelihood of success on the merits, the Petition raises serious and novel legal questions for the Federal Circuit. The fact that the Federal Circuit ordered briefing indicates the Court's interest in the issue and understanding of the need to promptly address these issues before this case is significantly advanced in the District Court.

Second, to force Supplier Defendants to engage in completing fact discovery, expert discovery, and trial planning would create irreperable injury. The posture of the case has become increasingly prejudicial to Defendants by forcing them to litigate as if "[e]ach defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience." *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) (quoting *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010)). As Defendants have repeatedly argued (D.I. 77, 99), it would prejudice the parties to continue to litigate in this District in the event Supplier Defendants' cases are eventually transferred to other districts at the Federal Circuit's direction.

Defendants must now engage and work with expert witnesses and plan their trial strategies. Yet that process is prejudicially complicated because the Supplier Defendants must plan as if they must share their defense (*e.g.*, discovery requests, expert witnesses, and trial time) with competitor suppliers who are defending separate and independent products in a single trial. (*See, e.g.*, D.I. 42 ¶ 5(d).) Indeed, a single trial and technical expert report covering over two-hundred accused products from myriad suppliers would be untenable. Yet that is what they must do under the current case schedule and discovery order. Supplier Defendants submit that they should not have to undergo fact discovery, expert discovery, and trial preparation without the Federal Circuit's guidance as to whether their objections to joinder and venue are valid.

Third, Walmart also joins this motion because the discovery and trial complexities also impact its interests in this case, as a retailer rather than a supplier. If this motion is not granted and if the Federal Circuit does not grant the relief sought in the Petition, Defendants will need to move this Court to provide relief geared towards preventing the remaining expert discovery and trial from being unduly complicated and prejudicial as a result of the Supplier Defendants' joinder. The issues have been raised for the Federal Circuit, arguing that severance is necessary under Rule 21 and 35 U.S.C. § 299, which are designed to avoid "'the abusive practice of treating as codefendants parties who make completely different products and have no relation to each other.'" (Ex. 1 at 31 (quoting 157 Cong. Rec. 9,778 (2011) (statement of Rep. Goodlatte)).) However, until the Federal Circuit rules on the Petition, Defendants lack clarity on the best course to resolve the posture of this case.

Additionally, there has been no evidence presented to date in this case as to how a short stay of this case pending the Federal Circuit's ruling on this petition would negatively impact Plaintiff. Indeed, TWW delayed asserting some of the asserted patents for nearly ten years after issuance. A relatively brief stay of the case is not likely to present substaintial prejudice relative to that created by Plaintiff's own delay. (D.I. 1, ¶¶ 23, 36, 49.)

Finally, by staying the case until the Federal Circuit rules on the Petition, the Court can satisfy public interest and the Federal Circuit's "strong preference to avoid duplicative litigation." *In re Google Inc.*, 588 Fed. App'x 988, 990 (Fed. Cir. 2014) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co*., 342 U.S. 180, 183 (1952)). In any event, final resolution of the severance and transfer issues "is likely to simplify the issues in this case" and "will not unduly prejudice or

present a clear tactical disadvantage to the Plaintiff." (*See* D.I. 77-1 (*Secure Axcess, LLC v. Nintendo of Am.*, Case No. 2:13-cv-32-JRG, Doc. No. 133, at *1-2 (E.D. Tex. Feb. 10, 2014)).)

Because briefing before the Federal Circuit was complete on March 19 (D.I. 151), Defendants expect that the Federal Circuit will promptly provide guidance on the Supplier Defendants' objections to joinder (and venue). Accordingly, the Defendants respectfully request this case be stayed pending resolution of Supplier Defendants' Petition for Mandamus.

Dated: April 6, 2018                    Respectfully submitted,

                                        By: /s/ *Patrick Bottini*
                                            R. Trevor Carter (admitted to E.D. Tex)
                                            IN Bar No. 18562-49
                                            Andrew M. McCoy (admitted to E.D. Tex.)
                                            IN Bar No. 28297-49
                                            Reid E. Dodge (admitted to E.D. Tex.)
                                            IN Bar No. 32567-49
                                            **FAEGRE BAKER DANIELS LLP**
                                            300 North Meridian Street, Suite 2700
                                            Indianapolis, Indiana 46204
                                            Telephone: (317) 237-0300
                                            Facsimile: (317) 237-1000
                                            Trevor.Carter@FaegreBD.com
                                            Andrew.McCoy@FaegreBD.com
                                            Reid.Dodge@FaegreBD.com

                                            Patrick Bottini (*pro hac vice*)
                                            **FAEGRE BAKER DANIELS LLP**
                                            2200 Wells Fargo Center
                                            90 S. Seventh Street
                                            Minneapolis, MN 55402-3901
                                            Telephone: (612) 766-7000
                                            Facsimile: (612) 766-1600
                                            Patrick.Bottini@FaegreBD.com

                                            Charles Everingham IV
                                            **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                            911 West Loop 281, Ste. 412
                                            Longview, TX 75604
                                            Telephone: (903) 297-7404
                                            Facsimile: (903) 297-7402

ceveringham@akingump.com

*Counsel for Intervenor Defendants, Intex Recreation Corp. and Intex Trading Ltd.*

By: /s/ *Eric Lancaster* (with permission)
Michael C. Smith
**Siebman, Burg, Phillips & Smith, LLP**
113 E. Austin St.,
Marshall, TX 75671
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
michaelsmith@siebman.com

Bijal V. Vakil
Eric E. Lancaster
Allen Wang
**White & Case LLP**
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA 94306
bvakil@whitecase.com
eric.lancaster@whitecase.com
allen.wang@whitecase.com

*Counsel for Defendants Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Walmart.com USA LLC, and Sam's West, Inc. d/b/a Sam's Club*

By: /s/ *Mary Katherine Bates* (with permission)
John W. Harbin
Mary Katherine Bates
**MEUNIER CARLIN & CURFMAN LLC**
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Tel: (404) 645-7700
Fax: (404 645-7707
jharbin@mcciplaw.com
kbates@mcciplaw.com

*Counsel for Intervenor Defendant The Coleman Company, Inc.*

6

By: /s/ *Krista Vink Venegas* (with permission)
Melissa Smith
State Bar No. 24001351
**GILLAM & SMITH**
303 S. Washington Ave.
Marshall, Texas
Phone: (903) 934-8450
Melissa@gillamsmithlaw.com

Krista Vink Venegas
Michael P. Chu
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606
kvinkvenegas@mwe.com
mchu@mwe.com

Jay H. Reiziss
Alexander P. Ott
**MCDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, DC 20001
jreiziss@mwe.com
aott@mwe.com

*Counsel for Intervenor Defendant
Bestway (USA), Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record who have not consented to electronic service were served with a true and correct copy of the foregoing by mail on April 6, 2018.

/s/ Patrick Bottini

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have complied with the meet and confer requirement in Local Rule CV-7(h). On April 5, 2018, Chad Everingham conferred with Betty DeReiux, counsel for Plaintiff Team World Wide Corporation ("TWW"), by phone regarding this Motion to Stay. Mr. Everingham explained the basis for this motion. Counsel for TWW is opposed to the relief requested herein. The parties were unable to reach an agreement and are at an impasse, leaving open issues for the Court to resolve.

/s/ Patrick Bottini