**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TEAM WORLDWIDE CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.  2:17-CV-00235-JRG** |
| | § | |
| WAL-MART STORES, INC., ET. AL, | § | |
| | § | |
| *Defendants*. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendants Wal-Mart Stores Inc., Wal-Mart Stores Texas, LLC, Wal-Mart.com USA LLC, and Sam's West, Inc.'s ("Walmart") and Intex Recreation Corp. and Intex Trading Ltd. ("Intex"), The Coleman Company, Inc. ("Coleman"), and Bestway (USA), Inc.'s ("Bestway")("Intervenors"), (collectively, "Defendants") Motion to Stay All Deadlines Pending Resolution of the Petition for Writ of Mandamus (Dkt. No. 168) ("the Motion"). On June 1, 2018, the Court heard oral argument on said Motion. (Dkt. No. 225.) After considering the briefing, the argument of the parties, and the relevant authorities, the Court finds that Defendants' Motion should be **DENIED** for the reasons set forth below.

## I.  BACKGROUND

On March 29, 2017, Team Worldwide Corporation ("TWW") filed suit against Walmart alleging infringement of U.S. Pat. No. 9,211,018, U.S. Pat. No. 7,346,950, and U.S. Pat. No. 7,246,394 (collectively, the "Asserted Patents"). On June 5, 2017, Walmart filed its answer. (Dkt. No. 16.) In July of 2017, this Court held a scheduling conference where counsel for TWW and Walmart appeared before the Court.

On August 2, 2017, Intex sought this Court's permission to intervene pursuant to Fed. R. Civ. P. 24. (Dkt. No. 29.) One day later, Coleman sought this Court's permission to intervene. (Dkt. No. 35.) On October 5, 2017, Bestway also sought this Court's permission to intervene. (Dkt. No. 64.) In their respective motions, each intervenor expressed an intent, after being allowed to intervene, to seek severance for misjoinder, and to seek transfer of the newly severed cases for improper venue or convenience. (*See generally* Dkt. Nos. 29, 35, 64.) On December 7, 2017, the Court allowed Intex, Coleman, and Bestway to intervene as a matter of right.

Shortly thereafter, the Intervenors filed motions requesting the Court sever each intervenor pursuant to 35 U.S.C. § 299, sever Walmart from each severed case, transfer the new cases against each intervenor, and then stay the remaining cases against Walmart. (*See* Dkt. Nos. 86, 88, 93, 94, 96.) As to transfer, each intervenor argued that venue in this District is improper or, in the alternative, that venue is clearly more convenient in each intervenor's requested District. (*Id.*)

On February 13, 2018, the Court denied the intervenors their requested relief. (Dkt. No. 141.) The Court ultimately held that "Section 299 does not and should not apply in this case because the intervenors did not enter this case under the joinder rules of Rule 20." (*Id.* at 5.) The Court found that the Intervenors had waived their venue objections because "the [I]ntervenors [could not] now question the propriety or convenience of a venue they chose to enter." (*Id.* at 14.) On March 6, 2018, the intervenors filed a Petition for Writ of Mandamus ("the Petition") with the Court of Appeals for the Federal Circuit challenging these rulings. (Dkt. No. 150.) The intervenors did not seek a stay from the Circuit at that time. (*See id.*)

After briefing on the Petition completed, the Defendants filed the instant Motion (Dkt. No 168) on April 6, 2018.

## II.  APPLICABLE LAW

District courts possess an inherent power to manage their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also In re Int'l Med. Prosthetics Research Assocs., Inc.*, 739 F.2d 618, 621 (Fed. Cir. 1984) ("Absent some overwhelming legal requirement or showing of manifest injustice, this court will not intervene in a district court's management of its calendar or scheduling of events in a matter before that court."). However, stays are not awarded as a matter of right. *Nken v. Holder*, 556 U.S. 418, 427 (2009). Indeed, the Supreme Court has recognized that stays are "an intrusion into the ordinary processes of administration and judicial review." *Id.* (internal quotation marks omitted). This is particularly true when a stay is sought in the midst of an ongoing case being prepared for trial. *See, e.g., In re Franklin Sports Indus., Inc.*, 937 F.2d 622 (Fed. Cir. 1991) (unpublished) (describing mandamus as an "extraordinary intrusion . . . into the trial management process").

Courts traditionally look to four factors in determining whether a stay is appropriate when an order is subject to a pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.[1]

## III.  DISCUSSION

### 1.  Whether Defendants Have Shown a Strong Likelihood of Success on the Merits

Defendants submit that "the Petition raises serious and novel legal questions for the Federal Circuit." (Dkt. No. 168 at 4.) Defendants argue that "[t]he fact that the Federal Circuit ordered

---

[1] This Court recently applied the *Nken* factors under a similar set of circumstances—*i.e.* a pending petition for writ of mandamus. *See Intellectual Ventures II LLC v. FedEx Corp.*, 2:16-cv-00980-JRG, 2017 WL 6559172, at *1 (E.D. Tex. Dec. 22, 2017). Until contrary authority mandates otherwise, the Court again "finds the *Nken* factors to be helpful guideposts in assessing whether a stay is appropriate here." *Id.*

briefing indicates the Court's interest in the issue and understand of the need to promptly address these issues before this case is significantly advanced in the District Court." (*Id.*)

In response, TWW argues that the "Intervenors have failed to show the required likelihood of success." (Dkt. No. 182 at 2.) According to TWW, "[t]he decision is well reasoned and well supported, and the petition fails to show any flaw in logic or new law that the Court did not consider." (*Id.*) Furthermore, "the Intervenors did not present serious or novel questions to the Federal Circuit. Many courts have found the same as this court: that an Intervenor voluntarily enters a case and should not be permitted to change the nature of that case via sever and transfer." (*Id.* at 3.)

Having considered the Parties' arguments, the Court concludes that Defendants have not made a "strong showing" that they are likely to prevail on the merits of their petition. While the Federal Circuit ordered briefing on the Intervenors' Petition, that fact alone does not demonstrate the requisite "strong showing." Rather, it is only indicative of the fact that the Circuit will hear both sides of this case and not one framed entirely in favor of the Intervenors.

As the Court's Order clearly identifies, many Courts have addressed this exact issue, holding that an intervenor cannot object to venue. (*See* Dkt. No. 141 at 9–15.) Commentators have identified this position to be a well-established, general legal principle. *See* Wright and Miller, 7C Fed. Prac. & Proc. Civ. § 1918 (3d ed.) ("The intervenor cannot question venue. By voluntarily entering the action the intervenor has waived the privilege not to be required to engage in litigation in that forum."); *accord* 6 Moore's Federal Practice, § 24.22[3] (3d Ed.) ("A person who intervenes as plaintiff or defendant may not object to the venue chosen for the action. Since the intervenor specifically invoked the jurisdiction of the court, any potential venue objections are considered waived.") Further, while the Federal Circuit may be "a court of special jurisdiction, [the Federal

4

Circuit is] not free to create specialized rules for patent law that contradict well-established, general legal principles." *Berkheimer v. HP Inc.*, 2017-1437, 2018 WL 2437140, at \*2 (Fed. Cir. May 31, 2018) (Moore, J., concurring). It was and remains the opinion of this Court that the dictates of 35 U.S.C. § 299 and its legislative history are clear: section 299 applies to joinder, not intervention. *See* 35 U.S.C. § 299 (Joinder of parties). While this Court does not agree with Defendants that their Petition raises new and novel issues, if such were true then that alone would make it difficult if not impossible for Defendants to present a strong showing that they are likely to proceed on the merits.

Accordingly, the Court concludes that Defendants failed to make the requisite strong showing of a likelihood of success on the merits. Defendants also failed to demonstrate that their pending mandamus petition raises the sort of novel legal questions that might demand an immediate stay. *See Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010) ("[T]hese issues do not so much represent novel legal questions as they do disagreements with the determinations the Court made . . . .").

**2.** Whether Defendants Will Be Irreparably Harmed Absent a Stay

Defendants argue that forcing the "[Intervenors] to engage in completing fact discovery, expert discovery, and trial planning would create irreparable injury." (Dkt. No. 168 at 4.) Further, Defendants argue that they have been forced "[in] to litigation as if '[e]ach defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.'" (*Id.* (citing *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Circ. 2012)).) This process, according to the Defendants, "is prejudicially complicated because the [Intervenors] must plan as if they must share their defense . . . with competitor suppliers who are defending separate and independent products in a

single trial." (*Id*.) Defendant Walmart additionally argues that "the discovery and trial complexities also impact its interests in this case, as a retailer rather than a supplier." (*Id*. at 5.)

In response, TWW argues that "the Intervenors will not be harmed should this case proceed as planned." (Dkt. No. 182 at 3.) First, despite their complaints, "[the Intervenors] will have to participate in discovery whether the case is in this Court or another." (*Id*.) They should have considered this likelihood prior to intervening. (*Id*.) Second, "[the Intervenors] voluntarily joined the "mass pit" and have been participating fully in this case since its early stages . . . ." (*Id*.) Third, this case is not a fragmented case, as "it remains a case solely about infringement and damages related only to the infringing products sold by Walmart." (*Id*.) Last, trial will proceed against Walmart with respect to the products of different suppliers at issue for which there is no intervenor regardless of the outcome of the mandamus petition. (*Id*. at 4.) In sum, TWW argues that "[t]here is nothing to be gained from a stay here." (*Id*.)

The Court agrees with TWW. Defendants have not identified any irreparable harm in continuing to prepare this case for trial. S*ee Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 628, 631 (D. Del. 2017) ("Denying the stay will enable the parties to complete the remaining discovery . . . and have this case ready for trial . . . regardless of the District in which the trial will be held.").

**3.** Whether a Stay Will Substantially Injure Plaintiff

Defendants assert that "there has been no evidence presented to date in this case as to how a short stay of this case pending the Federal Circuit's ruling on this petition would negatively impact Plaintiff." (Dkt. No. 168 at 5.)

TWW argues in response that "a stay will only benefit Walmart and the Intervenors," while severely prejudicing TWW. (Dkt. No. 182 at 4–5.) TWW asserts that "it would severely prejudice

6

TWW to halt the process and have to redo it later, particularly at a time so close to the close of fact discovery and trial." (*Id.* at 4.) Finally, TWW notes that "when parties are competitors in the marketplace, delays in litigation are especially burdensome and weigh more heavily in favor of denying a stay." (*Id*. at 5 (citing *Orthoaccel Techs. v. Propel Orthodontics*, LLC, 2017 U.S. Dist. LEXIS 192687, *8-9 (E.D.Tex. April 27, 2017)).)

This Court has repeatedly recognized that "a plaintiff has a right to timely enforcement of its patent rights, even if the plaintiff does not practice the asserted patents, and even if the plaintiff could be made whole by money damages." *St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:18-cv-00349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017); (Dkt. No. 141 at 4 (citing *St. Lawrence*)). Disrupting the trial schedule in this case with a stay would impair that right, potentially requiring a new trial date amidst the Court's already busy calendar.

**4.** Public Interest

Defendants submit that "by staying the case until the Federal Circuit rules on the Petition, the Court can satisfy public interest and the Federal Circuit's 'strong preference to avoid duplicative litigation.'" (Dkt. No. 168 at 5.) "Final resolution of the severance and transfer issues will likely simplify the issues in this case and will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff."  (*Id*.)

In response, TWW submits that the "[p]ublic interest favors keeping advanced cases on track." (Dkt. No. 182 at 5.) TWW argues that, "[c]uriously, Intervenors and Walmart cite case law about avoiding duplicative litigation. But that is exactly what proceeding with this case prevents," referencing the possibility of four separate instances of concurrent litigation. (*Id*.)  TWW further submits that the "[p]ublic interest favors allowing a patent owner and competitor in the market to

assert its patent rights without delay or serious complications caused by the questionable tactics employed by those who fear being forced to stop their blatant and wide-spread infringement." (*Id.*)

The Court finds that allowing this case to continue promotes the public interest in the "speedy resolution of disputes." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-12-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("Defendants argue that a stay will serve the public interest because it will promote judicial economy. The public interest, however, also favors speedy resolution of disputes."); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs.").

Finally, Defendants have failed to demonstrate that a denial of a stay would impede, or even affect, the Federal Circuit's deliberation on its mandamus petition. *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 807588, at *4 (E.D. Tex. Feb. 27, 2014) (discussing this concern under the public interest factor with respect to an interlocutory appeal). Defendants' arguments as to the public's interest are unavailing.

## IV.   CONCLUSION

After considering the facts and particular circumstances of this case and applying the *Nken* factors, the Court concludes that a stay is not appropriate. Accordingly, Defendants' Motion (Dkt. No. 168) is **DENIED**. Further, Defendants' Motion to Expedite Briefing (Dkt. No. 169) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 6th day of June, 2018.**

RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE